UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KYLIK HYSHAUMADEEN HICKS,

        Plaintiff,

v.

        Case No. 24-cv-117-pp

WEST ALLIS POLICE DEPARTMENT,
OFFICER COOPER and OFFICER CUELLO,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

---

On January 29, 2024, plaintiff Kylik Hyshaumadeen Hicks—who is representing himself—filed a complaint, alleging that the defendants violated his civil rights. Dkt. No. 1. He also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2.

To allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must screen the complaint to determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

**I.    Plaintiff's Ability to Pay the Filing Fee**

The plaintiff's request to proceed without prepaying the filing fee says that he is unemployed, single and does not have any dependents to support. Dkt. No. 2 at 1. Under "Source of income," the plaintiff says that in the last

1

twelve months he has received $291 from "Quest." Id. at 2. The plaintiff wrote "N/A" next to each prompt in the "Expenses" section of his form, leaving the court to wonder whether he pays monthly rent, mortgage, car or credit card payments, and whether he pays for groceries, clothing, medical costs, utilities, cell phone or internet bills, *etc.* Id. at 2-3. As for "Property," the plaintiff says that he owns a "2002 Lexus ES 300" with an approximate current value of $3,500, does not own his home and has $300 in "cash or checking, savings, or other similar accounts." Id. at 3.

While it is not clear how the plaintiff is living without any monthly expenses[1]—perhaps he has family or friends who provide him with the basics of daily living (food, utilities, transportation costs, *etc.*)—based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee. This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] §1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees.").

---

[1] The complaint lists the plaintiff's address as a residence on North 2nd Lane in Milwaukee.

## II. Screening the Complaint

### A. Federal Screening Standard

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him or her of a right secured by the Constitution or the laws of the United States, and that whoever deprived him or her of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee,

3

570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff names as defendants the West Allis Police Department, Officer Cooper and Officer Cuello. Dkt. No. 1 at 1. Under "STATEMENT OF CLAIM," the plaintiff states the following:

> Officer Cooper Violated my personal jurisdiction and twisted my arm and almost broke my wrist with a handcuff he also illegally detained me for over 45 mins with my pants down on a public road. He violated my right to travel and illegally searched and seizure my firearm which was in a holster inside of my pants which I have a license to carry. The law says anything beyond a Terry Search which is a simple pat down is a violation of the 4th Amendment. I am a private citizen and did not given this officer nor his backup jurisdiction over me. Officer Cuello was using discrimination misconduct against me calling me a drug dealer going in my pockets saying balled up paper is drugs while searching my property and didn't find any drugs on me. Entering my car without warrants from judges. I called their supervisor who took up for the cops wrong doing then Officer Cuello got mad and came to my house and had N and S towing deprive me of my car they took my car to a tow lot that looks like a scrap yard that hidden on 111th Layton Ave where every car on lot is missing parts and now my car is missing the front bumper and they refuse to give me my property back this is a clear sign of harassment and misconduct of law.
>
> Thompson v. Smith

US Supreme Court Says I have the right to travel.

Dkt. No. 1 at 2-3.

Under "RELIEF WANTED," the plaintiff indicates that he either wants his car returned in "working condition" or "$3,500 for [his] car." Dkt. No. 1 at 4. He

4

also says that he wants $75,000 for the alleged "unlawful search and seizure," $75,000 for "harassment," $75,000 for "discrimination" and "damages and court fee" in the amount of "whatever judges deci[de]s." Id.

    C.    <u>Analysis</u>

Under "JURISDICTION," the plaintiff checked the box indicating that he is suing for a violation of federal law under 28 U.S.C. §1331. Dkt. No. 1 at 4. Although the complaint does not reference any specific federal laws, the plaintiff does cite the Fourth Amendment of the United States Constitution. <u>Id.</u> at 2 ("The law says anything beyond a Terry Search which is a simple pat down is a violation of the 4th Amendment."). A plaintiff can bring claims of constitutional violations against state government employees through 42 U.S.C. §1983, a federal civil rights statute. A plaintiff may sue a state or local official, like a police officer, for violating his Fourth Amendment rights under §1983.

The plaintiff has included enough factual allegations to state plausible Fourth Amendment claims against Officer Cooper and Officer Cuello. The plaintiff alleges that on an unspecified date, Cooper detained him and searched his person and vehicle during a traffic stop. He alleges that Cooper "illegally detained him for over 45 min[ute]s with his pants down on a public road," "twisted [his] arm and almost broke his wrist with a handcuff" and subjected him to an "illegal[ ] search[ ] and seizure" in "violation of the 4th Amendment." Dkt. No. 1 at 2. He also alleges that Cooper seized the plaintiff's lawfully owned firearm from "a holster inside [his] pants." <u>Id.</u> Liberally construed, these

5

allegations state plausible Fourth Amendment claims against Cooper for conducting an unlawful stop, search and seizure of the plaintiff's person and property.

As to Officer Cuello, the plaintiff alleges that s/he "us[ed] discrimination misconduct against [him] calling [him] a drug dealer going in [his] pockets saying balled up paper is drugs while searching [his] property [and] . . . . [e]ntering [his] car without [a] warrant[] . . . ." Id. at 3. Liberally construed, these allegations state a plausible Fourth Amendment claim against Cuello for conducting an unlawful search and seizure of the plaintiff's person and property.[2]

The court will allow the plaintiff to proceed with his Fourth Amendment claims against Officers Cooper and Cuello.

Unlike an individual police officer, however, a police *department* is not a suable entity. Defendants in a federal lawsuit must have the legal capacity to be sued, and the "law of the state where the court is located" determines that capacity for entities that are not individuals or corporations. Fed. R. Civ. P. 17(b)(3); see also DeGenova v. Sheriff of DuPage Cnty., 209 F.3d 973, 976 n.2 (7th Cir. 2000) ("The federal courts look to state law to determine if a defendant is amenable to suit."). Under Wisconsin law, a police department does not have the capacity to be sued. See Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004) (stating a sheriff's department "is not a legal

---

[2] It is unclear whether the plaintiff is alleging that Officer Cuello's and Officer Cooper's misconduct occurred during the same interaction.

6

entity separable from the county government which it serves and is therefore, not subject to suit"). Because the West Allis Police Department is not a suable entity under Wisconsin law, the plaintiff may not proceed against it, regardless of his claims. The court will dismiss the West Allis Police Department from the lawsuit.

The plaintiff cites in his complaint a "right to travel." Dkt. No. 1 at 2-3. He alleges that Officer Cooper "violated [his] right to travel" when he unlawfully stopped and detained him. Id. at 2. And at the end of his complaint, he writes that the "US Supreme Court [s]ays [he] ha[s] the right to travel" and appears to cite to a case called "Thompson v. Smith" for that proposition. Id. at 3. While the court could not find any United States Supreme Court decision called "Thompson v. Smith" that stands for the right to travel,[3] "[i]t is true that the Supreme Court has recognized that under various constitutional provisions . . . ordinary citizens have a protected right to interstate travel." Williams v. Wisconsin, 336 F.3d 576, 581 (7th Cir. 2003) (citing Saenz v. Roe, 526 U.S. 489, 498-504 (1999)).

> The right to travel "embraces at least three different components:" (1) the right of a citizen of one state to enter and leave another state; (2) the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second state; and (3) for those travelers who elect to become permanent residents, the right to be treated like other citizens of that state.

---

[3] It seems likely that the plaintiff is citing to Thompson v. Smith, 154 S.E. 579 (Va. 1930), a 1930 decision from the Virginia Supreme Court (which, at the time, was called the "Supreme Court of Appeals"). In that case, the Virginia Supreme Court held that Virginia citizens have a "common right" to travel and transport property on public highways "in the ordinary course of life and business." Thompson, 154 S.E. at 583.

7

Chavez v. Ill. State Police, 251 F.3d 612, 648 (7th Cir. 2001) (citing Saenz, 526 U.S. at 500).

The plaintiff has not alleged sufficient facts to raise a plausible right-to-travel claim. For example, he has not alleged that at the time the officers stopped him, he was either entering or leaving the state of Wisconsin. He has not alleged that he was a visitor in Wisconsin at the time of the stop (or stops). The heart of the plaintiff's claims is that the officers, by interrupting his *driving*, violated his Fourth Amendment right to be free from unreasonable searches and seizures. The court already has found that the plaintiff may proceed with his Fourth Amendment claims against the two officers, and these claims seem to encompass what the plaintiff refers to as his "right to travel." The plaintiff has not pleaded sufficient facts to give rise to a stand-alone "right to travel" claim, and the court will not allow the plaintiff to proceed with a right-to-travel claim.

The plaintiff alleges that Officer Cuello discriminated against him when s/he called him a "drug dealer," searched "his pockets," and said "balled up paper [found on the plaintiff] [wa]s drugs." Dkt. No. 1 at 3. Under "RELIEF WANTED," the plaintiff says that he wants $75,000 in damages for "discrimination." Id. at 4. But the plaintiff does not explain on what basis he believes Cuello discriminated against him. For a §1983 plaintiff to state an equal protection claim against a state actor for discrimination, he must allege that the state actor "purposefully discriminated against him because of his identification with a particular (presumably historically disadvantaged) group."

8

Sherwin Manor Nursing Ctr. v. McAuliffe, 37 F.3d 1216, 1220 (7th Cir. 1994). If the plaintiff means to claim that Cuello discriminated against him because he is a racial minority, he must say so and specify what race he is. If he means to allege that the officer discriminated against him on a different basis (gender, age, disability, national origin, ethnicity), he must identify that basis. The plaintiff has not pled sufficient facts to give rise to a plausible §1983 equal protection claim.

Finally, the plaintiff alleges that after the unlawful stop(s), he called the defendants' "supervisor who took up for the cops wrongdoing," and he says that Officer Cuello retaliated against him for making the call. Dkt. No. 1 at 3. He alleges that Cuello "came to [his] house and had [a towing company] deprive [him] of [his] car." Id. He alleges that Cuello's retaliatory measure "is a clear sign or harassment and misconduct of law." Id.

The plaintiff appears to be stating a First Amendment retaliation claim against Cuello. To state a First Amendment-retaliation claim under §1983, the plaintiff must allege that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. Woodruff v. Mason, 542 F.3d 545, 551 (7th Cir. 2008). Liberally construed, the plaintiff plausibly pleads these three elements—he alleges that he notified the police officers' supervisor of the officers' allegedly unlawful conduct, and, in retaliation for making this report, Cuello had the plaintiff's car

9

towed. The plaintiff may proceed with his First Amendment retaliation claim against Cuello.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendant West Allis Police Department.

The court **ALLOWS** the plaintiff to procced on (1) his Fourth Amendment claim of unreasonable search and seizure against defendant Cooper (which means that defendant Cooper is required to respond only to the allegation of Fourth Amendment unreasonable search and seizure); (2) his Fourth Amendment claim of unreasonable search and seizure against defendant Cuello and (3) his First Amendment retaliation claim against defendant Cuello (which means that defendant Cuello is required to respond only to the allegations of Fourth Amendment unreasonable search and seizure and First Amendment retaliation).

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendants Officer Cuello and Officer Cooper of the West Allis Police Department under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is

provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Cooper and Cuello to file a responsive pleading to the complaint.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. It is the plaintiff's responsibility to notify the court if he changes addresses; if he does not keep the court advised of his address the court may dismiss this case without further notice.

Dated in Milwaukee, Wisconsin this 20th day of August, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**